IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALINA TAMARA BLANKENSHIP o/b/o P.L.B., | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 23-145 ) |
| MARTIN O'MALLEY,[1] *Commissioner of Social Security*, | ) ) ) ) |
| Defendant. | ) ) ) |

O R D E R

AND NOW, this 14th day of March, 2024, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for child Supplemental Security Income benefits under Subchapter XVI of the Act, 42 U.S.C. §§ 1381 *et seq.,* finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)).   *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse,

---

[1] Martin O'Malley is substituted as the defendant in this matter, replacing former Acting Commissioner Kilolo Kijakazi pursuant to Federal Rule of Civil Procedure 25(d) and 42 U.S.C. § 405(g).

1

merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[2]

---

[2]     This is a child supplemental security income benefits case brought by Alina Blankenship on behalf of her minor child, P.L.B. ("Plaintiff"). Plaintiff argues that this Court should remand the case because the Administrative Law Judge's ("ALJ") findings in the domains of attending and completing tasks and of caring for oneself are not supported by substantial evidence. (Doc. No. 10 at 12-18). Further, Plaintiff contends that the ALJ erred by not considering P.L.B.'s supportive environment. (*Id.* at 18-21). As explained herein, the Court disagrees and will affirm the ALJ's non-disability determination.

The Court reviews the ALJ's decision to ensure the findings of fact are supported by substantial evidence. *Schaudeck v. Comm'r of Soc. Sec.*, 181 F.3d 429, 431 (3d Cir. 1999). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995) (citation omitted). The Court reviews the ALJ's decision "as a whole" in determining whether it is supported by substantial evidence. *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004).

A child under eighteen years of age will be found to be disabled if he or she "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *T.C. ex rel. Z.C. v. Comm'r of Soc. Sec.*, 497 Fed. Appx. 158, 160 (3d Cir. 2012) (citation omitted). An ALJ's evaluation proceeds sequentially in three steps wherein an ALJ must find: "(1) that the child is not working; (2) that the child had a 'severe' impairment or combination of impairments; and (3) that the impairment, or combination or impairments, was of Listing-level severity, meaning the impairment(s) met, medically equaled or functionally equaled the severity of an impairment in the Listings." *Id.* (citing 20 C.F.R. § 416.924(a)). When considering whether impairment(s) met the severity of a Listing, ALJs look at the claimant's "domains of functioning." *Id.* (citing 20 C.F.R. § 416.926a). There are six domains as follows: "(i) Acquiring and using information; (ii) Attending and completing tasks; (iii) Interacting and relating with others; (iv) Moving about and manipulating objects; (v) Caring for yourself; and (vi) Health and physical well-being." *Id.* at 160-61 (citing 20 C.F.R. § 416.926a(b)(1)). If the ALJ finds the claimant has a marked limitation in two domains or an extreme limitation in one, then the claimant has the functional equivalence to the severity of an impairment in the Listings. *Id.* at 160 (citing 20 C.F.R. § 416.926a(a)).

Here, the ALJ found that P.L.B. did not have an impairment or combination of impairments that functionally equaled the severity of the Listings. (R. 19). Plaintiff argues that the ALJ should have found marked limitations in P.L.B.'s ability to attend and

complete tasks and to care for oneself. (Doc. No. 10 at 12-18). Plaintiff attributes the ALJ's error in the domain of attending and completing tasks to the ALJ ignoring Dr. John Carosso, Psy.D's, examination findings, which showed that P.L.B.'s problems with Attention Deficit Disorder ("ADD") and Oppositional Defiant Disorder ("ODD") were reduced with medication but were still difficult. (*Id.* at 14-15). Plaintiff posits the ALJ erred in analyzing the domain of caring for oneself because the ALJ ignored evidence demonstrating marked limitations in this domain, such as evidence of P.L.B.'s impulsivity, throwing tantrums, outbursts in school, and incontinence. (*Id.* at 16-18). Additionally, Plaintiff states that the ALJ erred by failing to consider P.L.B.'s supportive environment. (*Id.* at 18-21). Plaintiff argues that the ALJ erred by not considering P.L.B.'s improvement within a supportive environment, including an emotional support classroom and frequent behavior and psychiatric treatment, because an ALJ is required to take this into consideration before finding a less than marked limitation in any domain. (*Id.*).

Defendant counters that the ALJ's analysis in the domain of attending and completing tasks is supported by substantial evidence because the ALJ considered P.L.B.'s difficulty with attention and concentration and explained that P.L.B. was not seriously limited in this domain given P.L.B.'s success in school and at home with the benefits of medication, an Individualized Education Program ("IEP") plan, and therapy. (Doc. No. 16 at 9-10). Further, Defendant contends the ALJ sufficiently analyzed the domain of caring for oneself because the ALJ considered the entire longitudinal record and found that P.L.B. did not have any difficulty in this area. (*Id.* at 10-12). Additionally, Defendant posits the ALJ considered P.L.B.'s supportive environment, including participation in mobile therapy, special education, and other programs, and concluded that P.L.B. could function outside of these supportive environments. (*Id.* at 12-14). In sum, Defendant posits that Plaintiff is asking this Court to reweigh the evidence. (*Id.* at 14).

The Court agrees with Defendant and finds that the ALJ's decision is supported by substantial evidence. The ALJ sufficiently analyzed the domain of attending and completing tasks by evaluating the entire record. In analyzing this domain, an ALJ considers the ability of the claimant to learn, focus, and maintain attention. 20 C.F.R. § 416.926a(h). Here, the ALJ evaluated the record evidence, including the opinion of P.L.B.'s preschool teacher, who indicated that P.L.B. was not regularly taking the prescribed medication, but that P.L.B.'s functioning improved when medicated. (R. 28). The treatment records supported this statement, showing that P.L.B. improves when taking medications. (*Id.* (citing Exs. 8F/4; 11F/6, 8, 12, 16, 18; 14F/6, 13, 21, 25; 18F/7)). The ALJ also noted Plaintiff's testimony concerning P.L.B.'s trouble focusing, calming down, and behaving even when taking medication, however the ALJ noted that this testimony "and the claimant's behavior at a hearing earlier in the relevant period [was] not consistent with substantial deficits in this area around that part of the relevant period." (R. 28). Additionally, earlier in the decision, the ALJ analyzed Dr. Carosso's opinion and gave it "little weight" because it was inconsistent with the medical evidence of record, noting

3

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 9) is DENIED and that and Defendant's Motion for Summary Judgment (Doc. No. 15) is GRANTED.

s/Alan N. Bloch<br>United States District Judge

ecf:	Counsel of record

---

medication efficacy, and Plaintiff's testimony regarding P.L.B.'s improved functioning when medicated.  (R. 25); see *Jones*, 364 F.3d at 505 (noting the ALJ's decision is read "as a whole").   In this way, the ALJ sufficiently considered the entire medical record and all of the evidence in finding that P.L.B. does not have a marked limitation in this domain.

The Court also finds the ALJ sufficiently analyzed the domain of caring for oneself. In this domain, an ALJ considers how well the claimant maintains "a healthy emotional and physical state[.]"   20 C.F.R. § 416.926a(k).   Here, the ALJ looked at the entire record and concluded that P.L.B. had no limitation in this area on a longitudinal basis.   (R. 31).   The record revealed that P.L.B. could drink and eat without assistance, that P.L.B. generally responded to instruction by the therapist during visits, and that P.L.B. experienced difficulties associated with ADD and ODD, but functioned better when medicated.  (R. 31-32).   The ALJ did not ignore difficulties P.L.B. faced due to ADD and ODD; indeed, the ALJ noted that P.L.B. experienced "serious and very serious problems" due to these impairments.  (R. 31).   As to incontinence, P.L.B.'s preschool teacher stated, "[w]hen [P.L.B.] has accidents it's because [P.L.B.'s] clothing has a button, [is] too tight, or [P.L.B. is] too excited to leave area."  (Ex. 17E/7).   The ALJ clearly read this report as he cited the exact page where this was noted.  (R. 31 (citing Ex. 17E/7, 8)).   In this way, the ALJ took all the evidence into consideration and concluded on a longitudinal basis that P.L.B. did not have any limitation in this domain.  (R. 31-32). Accordingly, the Plaintiff's argument as to this domain is without merit.

Further, substantial evidence supports the ALJ's evaluation of P.L.B.'s improvement within a supportive environment.   An ALJ is required to consider how much help the claimant receives from "family, teachers, or others" when determining the claimant's functioning.   20 C.F.R. § 416.924a(b)(3)(i).   In this case, the ALJ expressly considered P.L.B.'s improvement within a supportive environment by mentioning that P.L.B. has an IEP, receives mobile therapy, special education, and other programs.  (R. 18-19, 21-27).   Accordingly, the ALJ was aware of P.L.B.'s supportive environments and took this into consideration when determining that P.L.B. is not disabled.

For these reasons, the Court affirms the decision of the ALJ.